UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVE IWANISZEK,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPT. OF ADMINISTRATION, et al.,<br><br>    Defendants. | Case No. 2:21-cv-01939-RFB-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>Re:  ECF Nos. 1 and 4 |

    Non-inmate *pro se* Plaintiff Stephen Iwaniszek filed a series of initiating documents petitioning the Court for judicial review of the Nevada Department of Administration's order denying his worker's compensation appeal. ECF No. 1-1 at 1. Plaintiff has not submitted an application to proceed *in forma pauperis* as required by 28 U.S.C. § 1915(a)(1) and has not submitted a complaint. Plaintiff has also not paid the filing fee. Because Plaintiff has met neither requirement to commence his action in this Court, it is premature for the Court to substantively review Plaintiff's Petition.

    Moreover, Plaintiff fails to plead sufficient facts to establish subject matter jurisdiction over his claim. The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). If the Court lacks subject matter-jurisdiction, an action must be dismissed. Fed. R. Civ. P. 12(h)(3).

In this case, Plaintiff seeks review of a decision by an Administrative Law Judge pursuant to a provision of Nevada state law (NRS 233B.130-150). ECF No. 1-1 at 1. Plaintiff has sued the Department of Administration, the Appeals Officer who denied his appeal, the private attorney who represented his employer, and the insurance company before the Appeals Officer. ECF No. 1-1 at 1, 5. These documents do not purport to bring a claim arising under federal law, nor is there any showing that diversity jurisdiction exists in this case. *See* 28 U.S.C. §§ 1331, 1332.

Because this Court does not have subject-matter jurisdiction, IT IS HEREBY RECOMMENDED THAT this case be DISMISSED without prejudice to allow Plaintiff to seek relief in state court.

Dated: October 29, 2021

_____
ELAYNA J. YOUCHAH
UNITED STATED MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).